UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARNOLD HAYES, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:06-CV-00226 |
| ) | JURY DEMAND |
| v. ) | Magistrate Judge Brown |
| ) | |
| AUTOMATED COMPONENTS ) | |
| HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM

Plaintiff, Arnold Hayes, filed this action against Defendant, Automated Components Holdings, LLC, asserting a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*, the Tennessee Human Rights Act, T.C.A. 4-21-101 *et seq* , and the common law of Tennessee, for retaliation. The gravamen of Plaintiff's complaint is that from October 28, 2002, the date he testified against the fairness of a settlement in a discrimination case involving Defendant's African American employees, he has been systematically retaliated against as evidenced by four adverse employment actions: (1) having his job responsibilities and authority materially diminished by no longer being able to attend Plant Operating and Steering Committee meetings; (2) having his direct supervision structure changed as he no longer reports to the plant manager; (3) having his workspace moved from a private office to a shared workspace where he can be monitored; and (4) by failing to receive additional job responsibilities, specifically as Employee Support Services Program ("ESSP") representative, making him eligible for promotions.

1

Before the Court is Defendant's motion for summary judgment (Docket Entry 34), contending in sum that Plaintiff cannot establish a *prima facie* case for retaliation and, in the alternative, that it has provided legitimate, non-discriminatory reasons for any of the alleged adverse employment actions and that Plaintiff has provided no evidence that these proffered reasons were a pretext for discrimination. Additionally, Defendant argues that all but one of the alleged adverse employment actions are time barred, as they occurred more than 300 days before Plaintiff filed his charges with the EEOC and that the remaining alleged adverse employment action is similarly barred as Plaintiff did not report it to Defendant. Plaintiff responds that he has established that several adverse employment actions took place such that any outstanding issues regarding a *prima facie* case for retaliation and the statute of limitations period should be presented to a jury and are not appropriate for summary judgment. (Docket Entry 37). Plaintiff further responds that whether Defendant's proffered legitimate, non-discriminatory reasons are actually legitimate is also a question to presented to the jury.

For the reasons which follow, Defendant's motion for summary judgement will be granted, and this action will be dismissed.

### A. FACTUAL BACKGROUND

Plaintiff, an African-American male, is a current employee of Defendant.[1] (Docket Entry 38 ¶ 1). Plaintiff began his employment with Defendant in 1983. (Docket Entry 36, Plaintiff's Deposition, Page 8). In 2001, a group of salaried African-American employees filed a proposed

---

[1] Defendant was formerly owned by Ford Motor Company until February 2000 when it created a wholly owned subsidiary which ultimately became Visteon Corporation, an independent publicly traded corporation. Nashville Glass Plant, where Plaintiff is currently employed, was moved into a newly created company, Automotive Components Holdings, LLC, which is an affiliate of Ford. (Docket Entry 38 ¶¶ 2, 3, 4).

2

class action alleging, among other things, that they had been discriminated against because of their race. (Docket Entry 38 ¶ 5).[2] The parties in that case agreed to a settlement and a fairness hearing was held on October 28, 2002. (Docket Entry 38 ¶ 7). Plaintiff, while not a named Plaintiff in that case, was a member of the stipulated class. (Docket Entry 38 ¶ 8). Plaintiff filed written objections and spoke at the fairness hearing regarding those objections.[3] (Docket Entry 38 ¶ 9). Subsequently, the proposed settlement was approved and Plaintiff received a settlement payment in exchange for a release of all claims. (Docket Entry 38 ¶ 10).

Prior to the fairness hearing, Plaintiff was appointed to his role as Productions Systems Coordinator in 2001. (Docket Entry 38 ¶ 21). This related to a program funded by Ford to develop and implement lean manufacturing practices. (Docket Entry 38 ¶ 22). In this capacity, Plaintiff began to report to the Plant Manager and participated in the Plant Operating Committee and the Plant Steering Committee. (Docket Entry 38 ¶ 23). By April 2004, approximately a year and a half after the fairness hearing, the program was no longer funded by Ford and was no longer active. (Docket Entry 38 ¶ 24). By April 2004, Plaintiff's role changed and he no longer reported to the Plant Manager and no longer participated with the Plant Operating Committee or the Plant Steering Committee. (Docket Entry 36, Exhibit B, ¶ 7). From that time to the present,

---

[2]That case, *Armstrong et al v. Ford Motor Company and Visteon Corp.*, Case No. 3-01-0012, was filed in the United States District Court, Middle District of Tennessee. (Docket Entry 38 ¶ 6).

[3]According to Plaintiff's Amended Complaint, Plaintiff expressed to the Court that he felt the settlement was not adequate because of the amount of discrimination involved. Further, Plaintiff stated that the company policies were routinely ignored and that African American employees were denied opportunities for training and input on job performance. (Docket Entry 36, Page 2, ¶ 6). A copy of Plaintiff's objections are attached to the Complaint as Exhibit A. (Docket Entry 36-6).

3

Plaintiff's reporting supervisor has changed approximately six times.[4] (Docket Entry 36, Plaintiff's Deposition, Pages 115-118). Throughout the majority of these changes in supervision, Plaintiff remained in the windshield area. (Docket Entry 36, Plaintiff's Deposition, Pages 117-118).

In October 2004, Plaintiff was moved from a private office to an open working space with other salaried employees. (Docket Entry 38 ¶¶ 27,28). Plaintiff's working space is now a cubicle, comprised of three, approximately six-foot walls. (Docket Entry 36, Plaintiff's Deposition, Pages 72-74). Plaintiff is not the only employee in his pay grade without a private office.[5] (Docket Entry 38, ¶ 28).

In November 2005, a salaried employee (other than the Plaintiff) was selected for the position of Employee Support Services Program ("ESSP") representative. (Docket Entry 38 ¶ 29). This is not a separate position, nor does the representative receive additional pay or benefits, but requires that, in addition to his or her regular job, that person be available to direct

---

[4]The dates of the supervision changes have been difficult for the Court to ascertain and the following is the closest approximation of those changes. In 2003, Plaintiff reported to Terry Dunham, Plant Manager, and then, in July 2003, began reporting to Tom Haynes, a Manager in the Engineering Department. (Docket Entry 36, Plaintiff's Deposition, Pages 115-117). In February 2004, Plaintiff began to report to Melody Dowell, Windshield Area Manager. (Docket Entry 36, Plaintiff's Deposition, Pages 115-117). In June 2004, Plaintiff began reporting to Rick Maheras when Maheras replaced Dowell as Windshield Area Manager. (Docket Entry 36, Plaintiff's Deposition, Pages 115-117). In June 2005, Plaintiff began reporting to Alan Heap, Windshield Fabrication Manager, when Heap and Maheras changed positions, and then to Cecil Qualls and then back to Heap sometime in 2005. (Docket Entry 36, Plaintiff's Deposition, Pages 115-117). In January 2007, Plaintiff began reporting to Don Nichols. (Docket Entry 36, Plaintiff's Deposition, Pages 115-117).

[5]Defendant provided the following names of employees at Plaintiff's salary level who have not had private offices: Cecil Qualls, Isabel Beyke, Jimmy Nalls, Jeff Moore, Gary Palmer and Paul Crowder. (Docket Entry 36-9 ¶ 9).

4

salaried employees to information about counseling, treatment programs, or similar issues. (Docket Entry 38 ¶ 32). Additionally, the ESSP representative may also attend meetings relating to the operation of the Behavioral Emergency/Critical Incident Stress Debriefing Committee, the Employee Assistance Program and the Fitness Council. (Docket Entry 38 ¶ 33). The ESSP representative has traditionally been a human resources employee. (Docket Entry 36, Plaintiff's Deposition, Page 96-97).

There has not been any negative impact on Plaintiff's pay and/or benefits since the fairness hearing, except for changes which have been made company wide. (Docket Entry 38 ¶ 19). Additionally, Plaintiff has received several raises since the fairness hearing in 2002 and has remained at the same pay grade and position level since 2002. (Docket Entry 38 ¶¶ 18, 20).

In December 2005, Plaintiff filed an EEOC charge alleging retaliation and subsequently received a Right to Sue. (Docket Entry 38 ¶ 11). In April 2006, Plaintiff filed an Amended Complaint alleging retaliation based on his actions and/or remarks at the fairness hearing described above. (Docket Entry 38 ¶ 12).

## B. LEGAL DISCUSSION

### 1. Standard of Review

The Court has applied the well-established standard for determining summary judgment motions. Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the court views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central

5

Case 3:06-cv-00226   Document 39   Filed 04/06/07   Page 5 of 20 PageID #: 370

inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails "to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. The Higbee Company*, 256 F.3d 416, 419 (6th Cir. 2001).

In this connection, it must be noted that the nonmovant must present sufficient admissible evidence on a material issue to qualify his case to go to the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 at 255. Thus, while the nonmoving party may produce some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the nonmoving party. *Id.* at 248.

## 2. Title VII Retaliation Claims

### A. Statute of limitations period and the narrow continuing violation exception

Defendant asserts, relying mainly on the Supreme Court's opinion in *National Railroad Passenger Corporation v. Morgan*,[6] that all but one of the alleged adverse employment actions are time barred, having occurred more than 300 days prior to his EEOC charge in December 2005. Specifically, Defendant argues that all but the ESSP appointment in November 2005 took place outside the statutory period. Plaintiff replies, relying mainly on the Sixth Circuit's opinion in *Dixon v. Anderson*,[7] that while Defendant does correctly assert that three of the four acts fall

---

[6]536 U.S. 101 (2002).

[7]928 F.2d 212 (6th Cir. 1991).

6

outside the 300 day limitation, the doctrine of continuing violation applies thereby tolling the statutory filing period. Plaintiff further argues that it is for a jury to decide whether each of the alleged adverse employment actions was discrete and thus time barred or, rather, a pattern or course of conduct–a continuing violation–and thus not time barred.

The Court first notes that Plaintiff is incorrect that only a jury can determine this issue. Plaintiff must first present sufficient admissible evidence on this material issue to qualify his case to go to the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 at 255. With that said, Title VII clearly specifies that an individual, prior to filing suit, must file a charge within 300 days of the unlawful employment practice. 42 U.S.C. § 2000e-5(e)(11). Further, there is a one-year statute of limitations applicable to claims under the Tennessee Human Rights Act (Tenn. Code. Ann. § 4-21-311(d)) and 42 U.S.C. § 1981.[8]

At issue in *Morgan* was "whether, and under what circumstances, a Title VII plaintiff may file suit on events that fall outside" the 300 day limitation period for filing a charge with the EEOC. *Morgan*, 536 U.S. at 105. Relevant to the instant action, the Supreme Court held that Title VII "precludes recovery for discrete acts of discrimination or *retaliation* that occur outside the statutory time period." *Id*. (emphasis added). Discrete discriminatory acts, even those relating to the acts alleged in timely filed charges, are time barred, as each "starts a new clock for filing charges alleging that act." *Id*. at 113. Specifically, each incident of discrimination and each retaliatory adverse employment decision constitutes a separate, actionable unlawful employment practice within the meaning of the charge filing requirement of Title VII. *Morgan*,

---

[8]Neither party addresses, in relation to the instant motion, the Tennessee state law claims raised by the Amended Complaint. (Docket Entry 36-6).

7

Case 3:06-cv-00226   Document 39   Filed 04/06/07   Page 7 of 20 PageID #: 372

536 U.S. at 114. On the other hand, the Supreme Court found that "all acts comprising a hostile work environment claim, including those that would otherwise fall outside the filing period, are timely so long as at least one act comes within Title VII's filing window" as such claims involve repeated conduct and require a victim to demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id*. at 113-114.

In *Sharpe v. Cureton*, the Sixth Circuit directly addressed the validity of *Dixon*, the case cited by the Plaintiff, finding that *Morgan* limited *Dixon*'s exceptions, allowing the continuing violation doctrine to be applied only when the Plaintiff demonstrated that the employer had a longstanding and demonstrable policy of discrimination against the class of which the Plaintiff is a part. *Sharpe v. Cureton*, 319 F.3d 259, 268 (6th Cir. 2003).[9]

In the instant case, Plaintiff does not allege a hostile work environment cause of action in his amended complaint, instead asserting solely retaliation. (Docket Entry 36-6). Further, Plaintiff has produced no evidence, other than his own subjective beliefs, that Defendant has a longstanding and demonstrable policy of discrimination of African-Americans.[10] The Plaintiff's unsubstantiated opinion, alone, will be insufficient to defeat the motion for summary judgment

---

[9]The Sixth Circuit found that, in the aftermath of *Morgan*, plaintiffs are now *precluded* from establishing a continuing violation exception by proof that the alleged acts of discrimination occurring prior to the limitations period were sufficiently related to those occurring within the limitations period. *Sharpe*, 319 F.3d at 268. (emphasis added).

[10]While Plaintiff may argue that the 2001 action filed by a class of African Americans alleging employment discrimination demonstrates a long standing policy, Plaintiff has produced no evidence that the settlement reached in that case included any admission of guilt on behalf of Defendant.

8

without "any significant probative evidence tending to support the complaint." *Anderson v. Liberty Lobby*, 477 U.S. at 249. Therefore, the continuing violation exception does not apply to the instant case and as such, all but one alleged adverse employment action, the appointment of the ESSP representative in November 2005, falls within the 300 day filing window from Plaintiff's December 2005 EEOC charge date. Specifically, the following alleged adverse employment acts are time barred: (1) in April 2004, having job responsibilities and authority materially diminished by no longer being permitted to attend Plant Operating and Steering Committee meetings; (2) in 2003-2004 having the direct supervision structure changed, no longer reporting to the plant manager; and (3) in October 2004, having his workspace moved from a private office to a shared workspace.

Each of the above alleged adverse employment actions is clearly a discrete act the Defendant believed to be retaliatory *at the time they occurred*. This is clearly evidenced by Plaintiff's detailed journal of events where he labels each of these acts as retaliation, emails sent to himself *on and/or near the date each occurred* documenting each act as retaliatory, as well as his own deposition testimony that, at the time his office move occurred, he believed it to be retaliatory. (Docket Entry 36-4, Page 86 of Plaintiff's Deposition, Lines 20-22; Docket Entry 36-7, Pages 20 and 21, marked as Exhibit 8 and 9; Docket Entry 36-7, Page 4, 9/7/2003 and Page 6, 4/7/2004 and page 7, 9/24/2004, 9/29/2004, 10/5/2004, 10/6/2004, 10/8/2004, and Page 9, 8/12/2005 and 8/17/2005). Despite the fact that each of these incidents gave rise to individual EEOC claims, Plaintiff chose not to file an EEOC complaint regarding these incidents within the clearly defined charging period. Therefore, these three alleged adverse employment acts are time barred.

9

However, the Court notes that the existence of past acts, and the employee's prior knowledge of their occurrence, does not bar an employee from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are timely filed. *Morgan*, 536 U.S. at 113. Further, the statute does not bar an employee from using the prior acts as background evidence in support of a timely claim. *Id*.

**B.     *McDonnell Douglas* burden shifting framework and retaliation standard**

Having established that three of the four alleged adverse employment acts are time barred, the Court examines the remaining alleged adverse employment action. Title VII provides in pertinent part: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees. . .because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

In a Title VII case, a plaintiff bears the ultimate burden at all times of persuading the fact finder that the defendant intentionally discriminated against the plaintiff. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)(citing *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981)). A plaintiff may carry this burden by introducing direct evidence which shows that in treating a plaintiff adversely the defendant was motivated by discriminatory intent *or* by introducing circumstantial evidence that supports an inference of discrimination. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566-67 (6th Cir. 2001); *Weigel v. Baptist Hosp.*, 302 F.3d 367, 381 (6th Cir. 2002)(as with other Title VII claims, in the absence of direct evidence of retaliation, retaliation claims are governed by the *McDonnell Douglas* burden

10

shifting framework).

Direct evidence of discrimination is that evidence which does not require a fact finder to draw any inferences in order to conclude that the challenged employment action was motivated at least in part by prejudice against members of a protected group. *Johnson v. The Kroger Co.*, 319 F.3d 858, 865 (6th Cir. 2003). "Direct evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* (citing *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 926 (6th Cir. 1999). Under the direct evidence approach, once the plaintiff introduces evidence that the employer took the challenged employment actions because of plaintiff's race or other protected status, the burden shifts to the employer to prove that it would have taken the challenged employment actions even if it had not been motivated by discrimination. *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000).

Under the circumstantial evidence approach, there is a the three-step burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A plaintiff must first set forth a *prima facie* case of discrimination. *Id*. The establishment of a *prima facie* case creates a rebuttable presumption of discrimination which then requires the employer "to articulate some legitimate, nondiscriminatory reason" for its actions. *Id*. Defendant bears only a burden of production, not persuasion, i.e. the defendant does not bear the burden of persuading the Court that it was actually motivated by the proffered reason, only that defendant's evidence raised a genuine issue of fact as to whether it discriminated against the plaintiff. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. at 142; *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981). If the employer carries this burden of production, the plaintiff

11

must then prove by a preponderance of the evidence that the proffered reasons given by the employer were actually a pretext to hide racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. More specifically, a plaintiff must produce enough evidence that a jury could reasonably reject the employer's explanation for its decisions. *Kocsis v. Multi-Care-Management, Inc.,* 97 F.3d 876, 883 (6th Cir. 1996). Although the burdens shift back and forth under this framework, "the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. at 253.

To establish a *prima facie* case for retaliation, Plaintiff must demonstrate four elements: (1) plaintiff engaged in activity protected by Title VII; (2) this exercise of protected rights was known to defendant; (3) defendant thereafter took adverse employment action against the plaintiff, or the plaintiff was subjected to severe or persuasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784 (6th Cir. 2000).

To prove retaliation, a plaintiff must show that a *reasonable* employee would have found the challenged action materially adverse, which in this context means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern and Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2415 (2006)(emphasis added). This is an objective standard which allows the Court to review the significance of any given act of retaliation upon viewing the particular circumstances and context on a case by case basis. *Id*. at 2416.

12

Importantly, "The anti-retaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id*. at 2414. An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances or simple lack of good manners that often take place at work and that all employees experience. *Id*. at 2415 (citing 1 B. Lindemann & P Grossman, Employment Discrimination Law 669 (3d ed. 1996) which notes). Title VII does not set forth a "general civility code for the American workplace." *Id*. (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). Rather, the anti-retaliation provision is meant to prevent employer interference with "unfettered access" to Title VII's remedial mechanisms by prohibiting employer actions that are likely to deter victims of discrimination from complaining to the EEOC, the courts, and their employers. *Id*. (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997)).

**C.     Plaintiff has not established a *prima facie* case of retaliation**

Plaintiff argues that the Defendant's failure to consider him for additional job responsibilities, specifically being appointed as ESSP representative, was an adverse employment action with a causal link to his testimony in 2002. As the parties do not appear to dispute that the Plaintiff engaged in an activity protected by Title VII by testifying at the 2001

13

hearing[11] and that this exercise of protected rights was known to the Defendant,[12] the only remaining issues are whether the failure to consider the Plaintiff for the ESSP position was in fact an adverse employment action and whether there was a causal connection between Plaintiff's testimony at the 2002 hearing and the failure to consider him for the ESSP position. Again, Plaintiff incorrectly asserts that both of these issues are improperly raised in the instant motion and are instead solely questions for the jury. Again, the Court notes that Plaintiff must first present sufficient admissible evidence on these material issues to qualify his case to go to the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 at 255.

With regards to both of the remaining questions, Plaintiff has presented no evidence, other than his subjective beliefs, to support his assertions. Specifically, Plaintiff has relied solely upon his own subjective testimony as well as a log of events created by the Plaintiff documenting his subjective beliefs. Plaintiff is required to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Testimony consisting of nothing more than rumors, conclusory allegations and subjective beliefs is wholly insufficient evidence to establish a claim of discrimination as a matter of law. *Mitchell v. Toledo Hosp.*, 964 F.2d 577,

---

[11] Defendant, in the memorandum supporting the instant motion, makes a blanket comment in a footnote that, "It is not clear that Plaintiff's objections at the fairness hearing requesting additional personal and other relief fall under the umbrella of activity protected by Title VII." (Docket Entry 35, Page 5, Footnote 5). However, Defendant does not further develop this argument. The Court believes that Plaintiff's actions are clearly within the protection of Title VII, having testified and participated in an investigation and hearing in an employment discrimination case. 42 U.S.C. § 2000e-3(a).

[12] Regarding the office move, Defendant does provide evidence that Plaintiff's supervisor who requested the relocation of Plaintiff's workspace was not aware of the statements made by Plaintiff at the fairness hearing. (Docket Entry 36-10 ¶ 7). However, it is undisputed that the majority of Defendant's employees, both salaried and hourly, knew of Plaintiff's actions surrounding the fairness hearing.

583 (6th Cir. 1992). The Plaintiff's unsubstantiated opinion, alone, will be insufficient to defeat the motion for summary judgment without "any significant probative evidence tending to support the complaint." *Anderson v. Liberty Lobby*, 477 U.S. at 249.

With that said, the Court finds that Plaintiff has failed to establish that the failure to consider the Plaintiff for the ESSP was an adverse employment action as Plaintiff does not produce any substantiated evidence to support his claim. An adverse employment action is a materially adverse change in terms or conditions of employment because of an employer's conduct which must be more disruptive than a mere inconvenience or an alteration of job responsibilities. *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 182 (6th Cir. 2004)(citing *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d at 885. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 461-462 (6th Cir. 2000). "The Sixth Circuit has consistently held that de minimis employment actions are not materially adverse, and thus, not actionable." *Id*. at 462. The adverse employment action element was designed to filter out discrimination cases that caused "merely inconvenience" or a "bruised ego." *Mitchell v. Vanderbilt Univ.*, 389 F.3d at 183 (citing *Burlington*, 364 at 802 (quoting *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d at 886). Further, to establish that this was an adverse employment action, Plaintiff must present evidence that a failure to be considered for the ESSP position would dissuade a reasonable employee from making or supporting a charge of discrimination. *Burlington,* 126 S.Ct. at 2415.

Plaintiff has failed to present any substantiated evidence that the failure to consider

15

and/or appoint him as ESSP representative was an adverse employment action. Plaintiff has presented no evidence of the promotion benefits upon being named ESSP representative. Additionally, it is undisputed that the ESSP representative receives no additional pay or benefits. (Docket Entry 38 ¶ 32). Further, the failure to consider and/or appoint the Plaintiff to the ESSP position had no effect upon the Plaintiff's job responsibilities as it is undisputed that the ESSP representative is not a separate position but requires that, in addition to his or her regular job, that person be available to direct salaried employees to information about counseling, treatment programs, or similar issues. (Docket Entry 38 ¶ 32). Lastly, Plaintiff himself notes that the ESSP position is typically held by someone in the HR department, not in Plaintiff's department. (Docket Entry 36-4, Page 96 of Plaintiff's Deposition). As such, there is no evidence in the record that not being considered for and/or given the ESSP position would dissuade a reasonable employee from making or supporting a charge of discrimination. For these reasons, the Plaintiff has failed to establish a *prima facie* case of retaliation.

     The Court further finds that Plaintiff has failed to establish that there was a causal link between the ESSP appointment and his testimony at the 2002 fairness hearing. While this appointment did take place after Plaintiff's testimony at the fairness hearing, Plaintiff has presented no evidence that the failure to consider him for the ESSP position was in anyway causally connected to his testimony. To establish causal connection, Plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had Plaintiff not testified at the 2002 hearing. *Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). Plaintiff has failed to do this. The ESSP position was typically not one held by someone in Plaintiff's department nor is there any evidence that Plaintiff was

16

excluded from consideration because of his testimony at the 2002 hearing. (Docket Entry 36-4, Page 96 of Plaintiff's Deposition). Further, as the appointment was made over three years after his testimony and Plaintiff complains of a total of four retaliatory incidents over a three and a half year period, Plaintiff cannot rely on temporal proximity to support his claim but must present additional evidence to support a causal connection. *Id*. at 566-567. Plaintiff has simply failed to produce such evidence. For these reasons, the Plaintiff has failed to establish a *prima facie* case of retaliation.

Nevertheless, even if Plaintiff had established an adverse employment action and causation, he has still not rebutted Defendant's legitimate, nondiscriminatory reason for considering and hiring another individual for the ESSP position.[13] Defendant has stated that the ESSP position was given to another employee based upon recommendations by both the United Auto Workers ("UAW") representative and former salaried ESSP representatives. This reason satisfies Defendant's burden to produce a nondiscriminatory reason for the employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802.

Once the employer makes such a showing, the burden shifts back to the Plaintiff to show that the employer's reasons are pretextual. To survive summary judgement, Plaintiff is required to show that the proffered reasons (1) have no basis in fact; (2) did not actually motivate the

---

[13]As there is no direct evidence of retaliation, the Court finishes the *McDonnell Douglas* burden shifting framework, i.e. whether the Defendant has produced a legitimate, nondiscriminatory reason for the alleged adverse employment action and whether Plaintiff has demonstrated that the proffered reason was merely a pretext to hide racial discrimination.

17

defendant's conduct; or (3) were insufficient to warrant the employment decision. *Mitchell v. Vanderbilt Univ.*, 389 F.3d at 184 (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994).

Plaintiff did not even address Defendant's proffered reason, advancing yet again that whether this proffered reason is pretexual is a question for the jury. Yet again, the Court notes that Plaintiff must first present sufficient admissible evidence on these material issues to qualify his case to go to the trier of fact. *Anderson v. Liberty Lobby, Inc.*, 477 at 255. The Plaintiff's unsubstantiated opinion, alone, will be insufficient to defeat the motion for summary judgment without "any significant probative evidence tending to support the complaint." *Anderson v. Liberty Lobby*, 477 U.S. at 249. Although unpublished, the Sixth Circuit very recently and thoroughly addressed similar issues to the instant case, partially remanding the District Court's judgement for failure to address whether the Defendant had articulated a legitimate, nondiscriminatory reason for the alleged adverse employment action and whether Plaintiff could establish that the reason was actually a pretext for retaliation. *Halfacre v. Home Depot, U.S.A., Inc.*, No. 05-6619 (6th Cir. April 3, 2007). Therefore, it is clear that this issue must be addressed in response to the instant motion.

Even though the Plaintiff chose not to address Defendant's proffered reason, the Court examined the record and found no evidence that the proffered reason had no basis in fact, did not actually motivate the Defendant's conduct or was insufficient to warrant the employment decision. Plaintiff has presented no evidence that he requested to be considered for the position. Further, Plaintiff has presented no substantiated evidence that he was qualified for the position and/or that he was more qualified for the position than the appointed individual or those who

18

were considered. In fact, Plaintiff himself stated that he was not even aware of the appointed individual's qualifications. (Docket Entry 36-4, pages 97-98 of Plaintiff's Deposition). Further, Plaintiff produces no evidence that he was also recommended for the position, that the appointed ESSP representative received no such recommendations, that the appointed ESSP representative received recommendations solely as a pretext for denying Plaintiff the position, and/or that he was denied a recommendation because of his statements at the 2002 hearing or other protected activity. Plaintiff argues that his education and his experience in providing counseling make him qualified for the position. However, it is undisputed that the ESSP representative does not provide counseling, only information on where to seek professional assistance.[14] (Docket Entry 38 ¶ 32). For these reasons, the Plaintiff has not presented sufficient evidence to rebut Defendant's proffered legitimate, nondiscriminatory reason.

The Court has discretion to retain jurisdiction over supplemental state law claims which derive from the same operative facts. 28 U.S.C.A. § 1367. In the instant case, because the Tennessee Human Rights Act mirrors Title VII standards, the Court finds that Plaintiff's supplemental state law claims should also be dismissed with prejudice. 28 U.S.C.A. § 1367.

## CONCLUSION

Because three of the four alleged adverse employment actions are time barred and Plaintiff has set forth no direct or sufficient circumstantial evidence to support any of his allegations and/or that Defendant's legitimate, non-discriminatory reason was pretextual, by separate order, the Court will GRANT Defendant's motion for summary judgment (Docket

---

[14] During his deposition, Plaintiff incorrectly stated the ESSP representative himself provided counseling. (Docket Entry 36-4, Pages 97-98). It is now uncontested that the ESSP representative provides information about professional counseling. (Docket Entry 38 ¶ 32)

Entry 34), dismissing all claims.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge